[No. 7,496.—Department One.]

## ALEXANDER B. GROGAN ET AL. v. JAMES W. THRIFT ET AL.

CONSTRUCTION OF MORTGAGE—EXCEPTION—RESERVATION—DECLARATION OF HOMESTEAD.—A mortgage excepted and reserved to the mortgagor his homestead right and claim in and to the mortgaged premises, as the same might be appraised and set off to him according to law, etc., but in fact the homestead was invalid, because the declaration did not contain a statement of the estimated actual cash value of the premises.

*Held*, That the intent was that the mortgage should operate only on the excess of the value of the premises over the statutory exemption.

APPEAL from a judgment in the Twentieth District Court, County of Monterey. BELDEN, J.

*Philip G. Galpin*, for Appellant.

The fact that the mortgage excepts from the premises covered by it, such a homestead right or claim as may be appraised or set off to Thrift according to law, works no change in the position of the parties, nor in the contract between them. They stand to each other precisely as they would have stood if the exception were not made in the mortgage, because the law had made this exact exception. The Court can not cut out any portion of the words in the agreement, and Atherton was evidently advised when he made so large a

loan on so slight a security, that "according to law" there was no declaration of homestead. Thrift bargained that he should have such homestead right as the law gave him. The law gave him none, and the judgment should be reversed.

*Julius Lee,* for Respondent.

Even if no declaration at all had been filed, the reservation and exception is equivalent to an agreement in the mortgage that the mortgagor might at any time file a declaration, and it should be paramount to the mortgage.

The COURT:

When Thrift gave, and Atherton took, the mortgage in question, there was inserted in it, immediately following the description of the premises, the following: " Excepting and reserving to the said party of the first part his homestead right and claim of, in, and to the said premises, as the same may be appraised and set off to him according to law, and this conveyance is made subject to said homestead claim— the said premises being the same on which I (Thrift) now reside."

Thrift, who was the head of a family, had previously filed, in the proper office, a declaration of homestead on the premises; but it is found that the declaration did not comply with the statute, in that it did not contain a statement of the estimated actual cash value of the premises. The extent of the statutory exemption in such cases is five thousand dollars.

We think it manifest that the intent of the mortgagor and mortgagee, gathered from the language employed, was that the mortgage should operate only on the excess of the premises over the statutory exemption.

Judgment affirmed.